UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

DENG GAO,

                    Plaintiff,                **MEMORANDUM & ORDER**
                                              19-CV-2447(EK)(LB)

          -against-

CHAD F. WOLF, MARK KOUMANS, AND
THOMAS M. CIOPPA,

                    Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

          Plaintiff Deng Gao brings this action under the
Administrative Procedure Act against various federal officials.[1]
He challenges the U.S. Citizenship and Immigration Services
(USCIS)'s denial of his I-485 application for an adjustment of
status to become a lawful permanent resident.  Plaintiff seeks
an order overturning this decision and compelling Defendants to
grant the adjustment.  Defendants move to dismiss for lack of
subject-matter jurisdiction under Rule 12(b)(1).  Alternatively,
they seek dismissal for failure to state a claim on which relief
can be granted under Rule 12(b)(6), or for summary judgment
under Rule 56.  As explained below, Defendants' motion to

---

[1] The named defendants are the Acting Secretary of the Department
of Homeland Security, the Acting Director of U.S. Citizenship and
Immigration Services (USCIS), and the Acting District Director of the
USCIS New York District Office.

dismiss under Rule 12(b)(1) is granted.  Accordingly, the Court does not reach their motions under Rules 12(b)(6) and 56. Finally, Plaintiff's request to transfer the action to the Second Circuit Court of Appeals is denied because this action was not timely filed.

## I.   Background

Plaintiff arrived at John F. Kennedy International Airport from China without valid entry documents on March 4, 1996.  The next day, he was issued a Form I-122 directing him to appear before an Immigration Judge.  Thereafter, Plaintiff applied for asylum, claiming fear of persecution in China.  The Immigration Judge denied his asylum application and issued an order of removal.  On March 16, 1998, the Board of Immigration Appeals (BIA) dismissed his appeal, making the removal order final.  Plaintiff moved to reopen his removal proceedings on October 14, 2008, but BIA denied the motion as untimely.

Despite the removal order, Plaintiff remained in the United States.  In 2001, he married an American citizen.  They have two citizen children together, born in 2001 and 2003.

On July 1, 2016, Plaintiff's wife filed a Form I-130 "Petition for an Alien Relative" to secure Plaintiff's eligibility for permanent-resident status.  That same day, Plaintiff filed the application at issue here: a Form I-485 application for an adjustment of status to permanent resident.

2

In connection with this application, immigration officials interviewed Plaintiff on April 25, 2017 and September 28, 2017. Thereafter, Plaintiff heard nothing for nearly two years despite several requests for updates.

On April 26, 2019, Plaintiff, proceeding *pro se*, commenced this action, seeking a writ of mandamus to compel the USCIS to adjudicate his application.  Weeks later, on June 5, 2019, USCIS issued a decision denying Plaintiff's I-485 application.  Compl. Ex A, ECF No. 26 (June 2019 Decision). USCIS invoked two grounds for denial — one statutory, the other discretionary.  First, USCIS found that Plaintiff had "not satisfied the inspected and admitted or paroled requirement for adjustment of status under INA section 245(a)."  *Id.* at 2.  It appears this finding was predicated on Plaintiff's inability to locate the I-94 form he received at JFK, which would have showed he was paroled upon entry.  *See* Defendants' Motion Brief at 4, ECF No. 30.  Second, USCIS denied Plaintiff's application as a matter of discretion.  In this part of the decision, USCIS identified several adverse factors, including that Plaintiff "blatantly disregarded [his] outstanding removal order," admittedly worked in the country without authorization, and failed to identify all sources of his income or prove he paid all taxes due in the years leading up to the decision.  June 2019 Decision at 2-3.  Defendants also acknowledged certain

factors favoring adjustment — specifically, Plaintiff's family ties — but accorded them "less weight" because they "were all acquired" while Plaintiff "was subject to a final order of removal." *Id.* at 3.

After receiving this decision, Plaintiff directed USCIS to a document in its possession that indicated he was inspected and paroled. *See* Compl. Ex. B.  Specifically, Plaintiff identified an "I-485 Adjudication Processing Worksheet" from his September 28, 2017 interview. *See id.* Ex. C.  This document, written by the interviewing officer, contained information that led USCIS to records showing Plaintiff was inspected and paroled; it also contained a handwritten notation, apparently by the interviewing officer, stating that Plaintiff's I-485 application "can be approved." *Id.* at 2.

In response to this discovery, USCIS withdrew its decision and issued another decision on July 10, 2019. *See* Administrative Record at 1-3, ECF No. 20-1 (July 2019 Decision). The new decision was nearly identical to the previous one, except that it removed reference to the statutory basis for decision (inspection and parole). *Id.*  This decision denied Plaintiff's application solely as a matter of discretion. *Id.* at 1-2.

4

On July 24, 2019, Judge Kiyo Matsumoto granted
Plaintiff leave to amend his complaint so that he could "bring
alternative claims challenging USCIS's decision."  Minute Entry
dated July 24, 2019.  Plaintiff's current counsel, John Rosario,
Esq., entered an appearance on February 5, 2020, ECF No. 23, and
the Court terminated prior counsel, ECF No. 25.  On March 9,
2020, Mr. Rosario filed this complaint, which seeks an order
"set[ting] aside the Decision which denied Plaintiff's I-485
application and to compel the issuance of a new one granting
plaintiff's adjustment."  Compl. at 10.  The case was
transferred to the undersigned on February 11, 2020.

## II.  Analysis

A.      <u>Applications for Adjustment of Status</u>

The statute governing Plaintiff's adjustment-of-status
application is 8 U.S.C. § 1255(a).  That section provides:

> [T]he status of an alien who was inspected and admitted or
> paroled into the United States . . . may be adjusted by the
> Attorney General, in his discretion and under such
> regulations as he may prescribe, to that of an alien
> lawfully admitted for permanent residence if (1) the alien
> makes an application for such adjustment, (2) the alien is
> eligible to receive an immigrant visa and is admissible to
> the United States for permanent residence, and (3) an
> immigrant visa is immediately available to him at the time
> his application is filed.

8 U.S.C. § 1255(a).

Under this provision, "[o]btaining . . . adjustment of
status . . . is a two-step process.  First, an alien must prove

eligibility by showing that he meets the statutory eligibility requirements.  Second, assuming an alien satisfies the statutory requirements, the Attorney General in his discretion decides whether to grant or deny relief." *Rodrigues v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006) (internal citations omitted).

B.    The Administrative Procedure Act

Plaintiff claims USCIS erred in finding him ineligible at step one and misapplied its discretion at step two.  He brings these claims under the Administrative Procedure Act. "[T]he 'right of action' in such cases is expressly created by the [APA], which states that 'final agency action for which there is no other adequate remedy in a court [is] subject to judicial review,' 8 U.S.C. § 704, at the behest of '[a] person . . . adversely affected or aggrieved by agency action, 8 U.S.C. § 702." *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 229 n.4 (1986).

These provisions, Sections 702 and 704, coexist with Section 706 of the APA, which authorizes courts to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  To prevail, Plaintiff must show that the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs

6

counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Karpova v. Snow*, 497 F.3d 262, 267-68 (2d Cir. 2007) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

Although the complaint asserts two claims under the APA, they both raise the same argument.  Plaintiff claims that the June 2019 decision was arbitrary because USCIS erred in finding he was not inspected or paroled, and because it ignored certain discretionary factors while relying too heavily on others.  Specifically, he claims USCIS failed to consider equities favorable to him (not only his family ties, which the decision acknowledged, but also his employment, length of residence, and lack of any criminal record, which the decision did not), and gave disproportionate weight to the fact he remained in the country after his removal order became final.

C.    Subject-Matter Jurisdiction

Defendants move to dismiss the complaint, claiming that two provisions in the Immigration and Nationality Act (INA), both codified at 8 U.S.C. § 1252, preclude this Court from exercising jurisdiction.  Plaintiff contends that the Court has jurisdiction and argues, in the alternative, that the case should be transferred to the U.S. Court of Appeals if this Court

finds jurisdiction is proper there.  *See* Plaintiff's Opposition
Brief at 18, ECF No. 28.

In reviewing Rule 12(b)(1) motions to dismiss for lack
of subject-matter jurisdiction, a court "must accept as true all
material factual allegations in the complaint," but need not
draw inferences favorable to the party asserting jurisdiction.
*J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d
Cir. 2004).  "The party invoking federal jurisdiction bears the
burden of establishing" that jurisdiction exists, *Lujan v. Defs.
of Wildlife*, 504 U.S. 555, 561 (1992), and proof of jurisdiction
must be shown by a preponderance of the evidence, *see, e.g.*,
*Augienello v. FDIC*, 310 F. Supp. 2d 582, 587-88 (S.D.N.Y. 2004).

### 1.    The Federal-Question Statute

Ordinarily, federal courts have jurisdiction over
claims under the APA.  This jurisdiction stems from the federal-
question statute, 28 U.S.C. § 1331, rather than the APA itself.
*See Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988) ("[I]t
is common ground that if review is proper under the APA, the
District Court ha[s] jurisdiction under 28 U.S.C. § 1331."); *see
also Sharkey v. Quarantillo*, 541 F.3d 75, 84 (2d Cir. 2008)
("Although the APA does not itself confer subject matter
jurisdiction, the Federal Question Statute confers jurisdiction
over a suit that arises under a right of action created by the
APA.") (cleaned up).

But this jurisdiction is not unlimited.  Section 701(a)(1) of the APA states that the APA review provisions do not apply "to the extent that . . . [other] statutes preclude judicial review."  5 U.S.C. § 701(a)(1).  Defendants point to two such provisions in the INA: Section 1252(a)(2)(B), which precludes review of "any judgment regarding the granting of relief under . . . Section 1255" (adjustment of status to permanent resident); and Section 1252(a)(5), which limits review of removal orders to courts of appeal.

### 2.   Jurisdiction Under Section 1252(a)(2)(B)

Section 1252(a)(2)(B), generally speaking, "eliminates district court jurisdiction to review the denial of an I-485 adjustment of status application."  *Ruiz v. Mukasey*, 552 F.3d 269, 275 n.4 (2d Cir. 2009).  This is because Section 1252(a)(2)(B)(i) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title" (adjustment of status to permanent resident).  *Id.* (quoting 8 U.S.C. § 1252(a)(2)(B)(i)).

There is an exception, however, to this rule:  Section 1252(a)(2)(B) "does not strip courts of jurisdiction to review nondiscretionary decisions regarding an alien's eligibility for the relief specified in [Section] 1252(a)(2)(B)(i)."  *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005).  Nondiscretionary decisions are "purely legal" ones, such as

9

decisions that are "premised on the ground of statutory
ineligibility." *See id.* at 63-64 (BIA's finding that alien was
"ineligible to adjust status" because the visa petition was not
"properly filed" within meaning of 8 C.F.R. § 245.10(a)(2)(i)
(2002) was nondiscretionary action subject to judicial review).
Accordingly, courts "have jurisdiction to review whether [an
Immigration Judge] correctly determined that [an] alien was
*eligible* for . . . adjustment of status," but not an Immigration
Judge's "discretionary determinations concerning . . .
adjustment of status." *Rodriguez*, 451 F.3d at 62.

        Given that USCIS withdrew the nondiscretionary denial
after the parole record was located, Plaintiff's application
was, in the end, denied entirely as a matter of discretion.  The
July 2019 decision states that "[y]our application is hereby
denied as a matter of discretion," and that "you have failed to
demonstrate that your application for adjustment of status
merits a favorable exercise of discretion."  July 2019 Decision
at 1-2.  The underlying analysis, which weighed favorable and
negative factors, *id.*, did not rest on Plaintiff's statutory
eligibility under Section 1255.  *Cf. Mariuta v. Gonzales*, 411
F.3d 361, 365 (2d Cir. 2005) (adjustment-of-status denial was
discretionary because the decision did not rely on any of the
statutory prerequisites to obtaining an adjustment and
acknowledged that the petitioner appeared eligible for such

relief).  Accordingly, while this Court recognizes the significant human issues at stake in cases of this nature, it simply lacks jurisdiction to review USCIS's denial of Plaintiff's application.  *See Cruz-Miguel v. Holder*, 650 F.3d 189, 193 (2d Cir. 2011) ("Federal courts lack jurisdiction to review a discretionary denial of adjustment of status."); *cf. Pan v. Whitaker*, 351 F. Supp. 3d 246, 251 (E.D.N.Y. 2019) (Section 1252(a)(2)(B) precluded jurisdiction over adjustment-of-status application where "USCIS invoked both statutory and discretionary grounds for its decision," because the "immigration judge . . . invoked [the alien's] statutory violation as well as determined that the 'positive equity is not sufficiently meritorious to outweigh the negative equities,'" making "his decision . . . at least partially discretionary").

Plaintiff points to Section 1252(a)(2)(D), which provides that "nothing in subchapter (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  8 U.S.C. § 1252(a)(2)(D).  Plaintiff does not raise a constitutional claim in his complaint, however, and even if he did, the only appropriate forum for that claim would be the "court of appeals," as the statute makes clear.  *See Shabaj v. Holder*, 718 F.3d 48, 52 (2d Cir. 2013) ("[P]etitions for review

11

raising constitutional claims or questions of law must be filed in the appropriate *court of appeals*.").  Accordingly, this Court lacks subject-matter jurisdiction.

        3.     Jurisdiction Under Section 1252(a)(5)

      A second provision in Section 1252 also precludes this Court's review.  Section 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ." 8 U.S.C. § 1252(a)(5).  The Second Circuit has held that this preclusion applies not only to direct challenges to removal orders, but also to "indirect challenge[s]."  *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011).  In determining whether a claim levels an indirect challenge to a removal order, the question "turn[s] on the substance of the relief that a plaintiff is seeking."  *Id.*  Section 1252(a)(5) "removes jurisdiction from the district courts over any challenge of the denial of an application for status adjustment of a party who is already subject to a removal order, if the relief requested in the challenge would invalidate the [removal] order . . . ." *Freire v. U.S. Dep't of Homeland Sec.*, 711 F. App'x 58, 59 (2d Cir. 2018) (summary order) (finding district court lacked jurisdiction "to review an administrative denial of [the petitioner's] application for an adjustment of status that, if

12

it had been granted, would have allowed him to reside permanently in the United States and would thereby invalidate the removal order").

Here, Plaintiff seeks an order vacating the denial of his I-485 application and compelling USCIS to grant his adjustment to lawful-permanent-resident status.  Compl. at 10.  "The practical effect of changing Plaintiff's status to that of a legal permanent resident would be to void the removal order." *See Noor v. Homan*, 17-cv-1558, 2018 WL 1313233, at *4 (E.D.N.Y. Feb. 27, 2018).  This Court, therefore, lacks jurisdiction to award such relief.  *See id.* (holding that the court "lacks jurisdiction" because the plaintiff's "request [for an adjustment of status], in effect, challenges a removal order"); *Delgado*, 643 F.3d at 55 (district courts lack jurisdiction to review denials of I-212 applications because they are "a necessary prerequisite" to gaining lawful-permanent-resident status, which would render any removal order "invalid") (citing *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1082-83 (9th Cir. 2010)).  Because Section 1252(a)(5) channels this relief to the "appropriate court of appeals," this claim should have been filed there.[2]

_____

[2] Even if these statutes do not "preclude judicial review" here, this appears to be the type of action that is committed to agency discretion by law anyway.  *See* 5 U.S.C. § 701(a)(2) ("This chapter applies, according to

D.      <u>Transfer to the Second Circuit Court of Appeals</u>

As explained above, the only court that might have had jurisdiction over this action is the Second Circuit Court of Appeals, which may review removal orders, *see* 8 U.S.C. § 1252(a)(5), and resolve "constitutional claims" or "questions of law" (had Plaintiff raised any), *see* 8 U.S.C. § 1252(a)(2)(D).

Ordinarily, when a court finds "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action" to a court where the action should have been filed. *See* 28 U.S.C. § 1631. But courts may do so only if the action "could have been brought" in the intended court "at the time it was filed" in the wrong court. *Id.; see also De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 617–18 (2d Cir. 2007) (transfer under Section 1631 is not permitted where Plaintiff's claim was not timely filed). As Plaintiff seeks review of a removal order, he should have filed his petition in the Court of Appeals within thirty days after the order became final. *See* 8 U.S.C. § 1252(b)(1) ("With respect to review of an order of removal under subsection (a)(1). . . [t]he petition for review must be filed not later than 30 days after the date of the final order of removal.").

---

the provisions thereof, except to the extent that . . . agency action is committed to agency discretion by law.").

Plaintiff's removal order became final on March 16, 1998, when the BIA dismissed his appeal.  Because this predated enactment of the current statute (the "REAL ID Act"), Plaintiff had thirty days from the new statute's effective date to file a petition in the Court of Appeals.  *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 116 (2d Cir. 2008).  This grace period ended on June 10, 2005, thirty days after the Act's May 11, 2005 enactment.  *Id.* at 119.  Plaintiff commenced this action on April 26, 2019, nearly fourteen years after his time to file a petition expired. Accordingly, Plaintiff's request to transfer this action to the Second Circuit is denied.  *Cf. Hu v. Holder*, No. 11-cv-4747, 2012 WL 2619185, at *1 (E.D.N.Y. June 25, 2012) (dismissing action under Section 1252(a)(5) and refusing to transfer it as untimely for the same reasons).

> \*        \*        \*        \*        \*

In reaching this decision, the Court recognizes the impact on the life of the Plaintiff and his family members. These considerations cannot, however, override the applicable statutes.  This Court lacks the power to reach a different conclusion.

### III. Conclusion

For these reasons, Defendants' motion to dismiss for lack of subject-matter jurisdiction is granted.  Accordingly, the Court does not reach their motions under Rules 12(b)(6) and

56.  Plaintiff's request to transfer the case to the Second Circuit Court of Appeals is denied because this action was untimely filed.


        SO ORDERED.


                                    _____ s/ Eric Komitee _____
                                    ERIC KOMITEE
                                    United States District Judge


Dated:     November 16, 2020
           Brooklyn, New York